# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 06-165V
Filed: August 20, 2014
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
LAIRD R. JONES and                             *
SVITLANA V. BUDZHAK-JONES,                     *
legal representatives of a                     *
minor child, W.O.J,                            *
                                               *
             Petitioners,                      *    Autism; Petitioners' Motion for a
                                               *    Decision Dismissing the Petition;
        v.                                     *    Insufficient Proof of Causation; Vaccine
                                               *    Act Entitlement; Denial Without Hearing
SECRETARY OF HEALTH AND                        *
HUMAN SERVICES,                                *
                                               *
             Respondent.                       *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION [1]

On March 3, 2006, petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that various vaccinations injured W.O.J.. The information in the record, however, does not show entitlement to an award under the Program.

On August 19, 2014, Petitioners filed a Motion for a decision dismissing their petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

   To receive compensation under the Program, Petitioners must prove either 1) that W.O.J. suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to one of W.O.J.'s vaccinations, or 2) that W.O.J. suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that W.O.J. suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that W.O.J.'s alleged injury was vaccine-caused.

   Further, Petitioners' own Motion acknowledges that their "investigation of the facts and available science" has demonstrated that they will be unable to prove that they are entitled to compensation in the Vaccine Program.

   Accordingly, it is clear from the record in this case that Petitioners have failed to demonstrate either that W.O.J. suffered a "Table Injury" or that W.O.J.'s injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                  s/George L. Hastings, Jr.
                  George L. Hastings, Jr.
                  Special Master